IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESSE LYN MILLIRON | § | |
| v. | § | CIVIL ACTION NO. 6:13cv324 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jesse Milliron, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Milliron was convicted of possession of certain chemicals with intent to manufacture a controlled substance, with two prior felonies alleged for enhancement purposes. He was found guilty by a jury and pleaded true to the enhancements, and received a 40-year sentence.

Milliron's conviction was affirmed on direct appeal on November 3, 2010, and he did not seek discretionary review; instead, he sought state habeas corpus relief on December 13, 2011. This state application was denied without written order on January 23, 2013, and Milliron filed his federal habeas petition on April 6, 2013.

The Respondent has filed an answer arguing that Milliron's petition should be dismissed because of the expiration of the statute of limitations. Milliron filed a reply arguing that the limitations period should be tolled because counsel's misconduct caused him to miss the limitations period. He states that his appointed counsel, Nancy Perkins, did not file a petition for discretionary review or inform him of his constitutional right to pursue matters further. He further says that she

did not inform him of the appellate court's decision when it was handed down, but he began to pursue matters with the help of jailhouse lawyers once he learned of it months later.

Milliron maintains that counsel's failure to inform him of the appellate court's decision constituted an impediment created by state action, tolling the commencement of the limitations period, and that he is entitled to equitable tolling as well.

The Respondent argues that Milliron missed the federal limitations deadline by 16 months because his state application was filed after the limitations period had expired. The Respondent stated that Milliron did not show counsel's failure to notify him was an impediment created by state action and that Milliron failed to show that he had been pursuing his rights diligently, as is required to claim equitable tolling. Milliron argued that he was the victim of "attorney abandonment," citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549 (2010) and *Maples v. Thomas*, 132 S.Ct. 924 (2012), and stated that he acted as diligently as possible once he learned that his conviction had been affirmed on direct appeal.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that Milliron's petition be dismissed based on the expiration of the statute of limitations. The Magistrate Judge stated first that Milliron's conviction became final on December 3, 2010, and he filed his state habeas petition on December 13, 2011, outside of the limitations period. This state petition thus had no effect on the limitations period, which had already expired by the time it was filed.

The Magistrate Judge then addressed Milliron's tolling arguments. After summarizing *Holland* and *Maples*, as well as a Fifth Circuit decision called *Clarke v. Rader*, 721 F.3d 339, 340 (5th Cir. 2013), the Magistrate Judge stated that Perkins' action or inaction could not be a "state-created impediment" to the seeking of habeas corpus relief because Perkins, who was Milliron's court-appointed attorney, is not a state actor. The Supreme Court has held that court-appointed attorneys are not state actors, *see Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981), and the Tenth and Eleventh Circuits have held that incompetent performance by court-appointed counsel is

2

not a "state-created impediment" for purposes of the statute of limitations. *Johnson v. Florida Department of Corrections*, 513 F.3d 1328,. 1331 (11th Cir. 2008); *Irons v. Estep*, slip op. no. 05-1412, 2006 WL 991106 (10th Cir., April 17, 2006).

The Magistrate Judge went on to determine that Milliron was not entitled to equitable tolling because he failed to show that he had acted with reasonable diligence. The record shows that Milliron became aware of problems with Perkins while his direct appeal was still pending; he contacted the State Bar of Texas about her in July or August of 2010, some three to four months before his appeal was decided. However, he does not allege that he ever contacted the Twelfth Court of Appeals to inquire as to the status of his case, ask that Perkins be removed and another attorney be appointed, or to otherwise express concerns about Perkins' representation of him. Nor does he allege that he contacted the trial court about Perkins.

In *Maples*, the Supreme Court stated that the petitioner "had no reason to suspect" that he had been abandoned by counsel. *Maples*, 132 S.Ct. at 927. Hence, the petitioner in that case had no reason to believe that he should have been doing anything. In *Holland*, the petitioner not only contacted the state bar, as Milliron did, but also wrote twice to the Florida Supreme Court asking that his attorney be removed and wrote several times to the clerk of the Florida Supreme Court asking what was going on in his case. The Magistrate Judge stated that while Holland's actions demonstrated reasonable diligence, Milliron only wrote to the state bar and never contacted the court.

In addition, the Magistrate Judge noted that Holland filed his federal habeas petition on the same day he learned that his state petition had been denied, while Milliron waited nine weeks between the time he learned of the denial of his state habeas petition and the filing of his federal petition. The Magistrate Judge stated that this delay, plus Milliron's lack of diligence in failing to contact the state courts despite his knowledge of problems with counsel, showed that he did not act with reasonable diligence and thus was not entitled to equitable tolling.

In his objections, Milliron argues that the fact he was experiencing problems communicating with counsel is different from "having confirmation that Perkins abandoned him." He states that

"whatever date appears on the State Bar's findings concluding that Perkins' Unprofessional Grievance by Milliron is meritless, is the point notice of abandonment should be triggered." Milliron also contends, for the first time in his objections, that letters which he wrote to his family should be considered "reasonable diligence."

Second, Milliron complains that the Magistrate Judge creates a "bright-line rule" conditioning reasonable diligence on whether or not the claimant contacted court officials, citing *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013). He argues that his case is akin to *Maples* and states that the record does not show the date on which the State Bar dismissed his complaint against Perkins or what date Perkins answered the Bar's inquiry about Milliron's complaint against her. He reiterates that he contacted his family repeatedly about Perkins and again complains that the Magistrate Judge created a "bright line rule."

Milliron states that he could not discover the factual predicates of his claim until he learned that his direct appeal had been affirmed, accessed the law library in his two hours per week of research time, and obtained the tools necessary to prepare dispositive pleadings. He argues that the two months in between his receipt of the denial of his state court petition and his filing of his federal petition is not evidence of delay because there is a plethora of cases holding that a one-to-two month delay in filing a federal petition does not run afoul of diligency standards. Finally, Milliron re-urges his contention that court-appointed counsel should be considered a state actor for purposes of determining whether counsel's failures can amount to a "state-created impediment" for purposes of the limitations period.

As the Magistrate Judge said, Milliron knew that he was having problems communicating with Perkins even before his direct appeal was decided. He filed a complaint against Perkins with the State Bar of Texas, yet never contacted either the trial court or the appellate court with his concerns about his lawyer or to inquire as to the status of his case. *Compare Holland*, 560 U.S. at 653, 130 S.Ct. at 2565 (noting that Holland not only wrote his attorney numerous letters, but also contacted the state courts, their clerks, and the Florida State Bar Association).

Contrary to Holland's contention, the Magistrate Judge did not "create a bright-line rule," but instead reviewed the totality of the facts and circumstances of this case. These circumstances include, but are not limited to, the fact that unlike the petitioner in *Holland*, Milliron never wrote to the trial court or the appellate court to complain about counsel or to inquire about his case. Instead, he only contacted the State Bar of Texas with a complaint that he concedes the State Bar determined to be unfounded. The Magistrate Judge correctly concluded that under the circumstances of this case, Milliron did not show reasonable diligence so as to be entitled to equitable tolling.

Although Milliron likens his case to *Maples*, the record in that case showed that the petitioner had no notice whatsoever of his abandonment by counsel; the Supreme Court observed that he "had no reason to suspect that, in reality, he had been reduced to *pro se* status." *Maples*, 132 S.Ct. at 927. This is a critical distinction; unlike Milliron and Holland, Maples had no reason even to think that he should have been writing letters or contacting the state courts. Milliron's contentions that the limitations period should begin on the date that the State Bar denied his grievance against Perkins, and that his letters to his family are evidence of reasonable diligence, lack merit on their face.

Milliron goes on to argue that the nine-week delay between his learning of the state court's denial of his habeas petition and his filing of the federal petition is not evidence of a lack of diligence, citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on other grounds* 223 F.3d 797 (5th Cir. 2000) as stating that a one-month delay in filing a federal petition does not preclude equitable tolling. Other evidence in *Phillips* indicated that the petitioner had acted with reasonable diligence; he received notice of the denial of a state habeas corpus petition on August 29, 1997, and filed a motion for an out of time appeal on September 1, 1997, only three days later. One month after the denial of this motion, he filed his federal habeas petition.

In the present case, Milliron does not specifically state when he learned that his conviction had been affirmed on appeal; he says that this affirmance occurred in November of 2010 and he did not learn of it until "months later." He was notified in January of 2011 that Perkins would be required to file a response to his complaint, but he did not file his state habeas petition until

December of 2011, almost a full year later. He then filed his federal habeas petition over two months after his state petition was denied. The nine-week delay in the filing of Milliron's federal petition is part of the overall circumstances in the case showing that he failed to act with reasonable diligence. *Simmons v. Johnson*, 210 F.3d 368, 2000 WL 293959 (5th Cir., February 17, 2000), *citing Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (no abuse of discretion in finding that equitable tolling was not warranted where petitioner waited over a month after receiving notice of the denial of his state petition to seek federal habeas corpus relief); *see Palacios*, 723 F.3d at 606 (stating that "the circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and therefore entitled to equitable tolling.") Milliron's objections concerning the issue of equitable tolling are without merit.

Milliron also repeats his argument that Perkins' conduct should be considered a "state-created impediment" for purposes of 28 U.S.C. §2244(d)(1)(B). He says that "state action" under 42 U.S.C. §1983 and a "state-created impediment" under §2244 are two different things, and states that "a determination should be made as whether or not, like court clerks and appellate court clerks, attorneys' acts / omissions qualify as an impediment pursuant to §2244(d)(1)(B)." As the Magistrate Judge determined, a court-appointed attorney is not a state actor, meaning that the conduct of the attorney cannot be considered "an impediment to filing an application created by state action." *Watson v. Dretke*, civil action no. 3:04cv721, 2004 WL 1635787 (N.D.Tex., July 21, 2004), *Report adopted at* 2004 WL 1698796 (N.D.Tex., July 28, 2004) (failure of state habeas counsel to advise petitioner of the denial of his state habeas application was not a "state-created impediment"), *citing Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003); *see also Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1331 (11th Cir. 2008). Milliron's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 31) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as barred by the statute of limitations. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of December, 2014.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**